IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARVA MACK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-7807 |
| | ) | |
| ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY; DIRECTOR OF ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY; BOARD OF REVIEW; AND CITY OF CHICAGO DEPT. OF PERSONNEL C/O SEDGWICK BRUCE KIJEWSKI | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT

**NOW COMES** Plaintiff, Marva Mack, by and through her attorneys, Jonathan C. Goldman, Arthur R. Ehrlich, and Kerri L. Feczko of the LAW OFFICES OF GOLDMAN & EHRLICH, CHTD., and as her Complaint against Defendants, CITY OF CHICAGO, ROBERT MAY individually, CESAR PINTO individually, ANGELA MANNING individually, and OFFICER WILLIAM MCKENNA individually, states as follows:

### JURISDICTION, VENUE, AND PARTIES

1. This is an action for violations of the Plaintiff's right to freedom of speech, and for violations of Plaintiff's right to a fair and impartial hearing in violation of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §1983. This action is also brought pursuant to the Age discrimination in Employment Act, 29 U.S.C. 621 et seq., as well as the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq*. and pursuant to Illinois common law for an action alleging retaliatory discharge in violation of a clearly mandated public policy for reporting possible illegal conduct and refusing to take part in such conduct.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6320598

2. Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. §1983, 29 U.S.C. 621 *et seq.*, 28 U.S.C. § 1343, and 28 U.S.C. § 1331.

3. Venue exists because Plaintiff resides within the Northern District of Illinois and the acts giving rise to this action occurred within the Northern District of Illinois.

4. Plaintiff, MARVA MACK, ("Plaintiff") filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 28, 2016, a true copy of which is attached to this Complaint and by this reference incorporated herein as Exhibit A. The EEOC issued Plaintiff a Notice of Right to Sue on July 26, 2016, a true copy of which is also attached to this original Complaint and by this reference incorporated herein as Exhibit B, entitling Plaintiff to institute a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. This action is instituted within said ninety (90) day period.

5. Plaintiff is a resident of Cook County, Illinois. Plaintiff was employed by Defendant in the City of Chicago Department of Aviation at all times relevant to this Complaint.

6. Defendant City of Chicago ("City") is a municipality organized under the laws of the State of Illinois, and sits within Cook County, Illinois. Defendant Robert May is Labor Relations Manager of the City of Chicago Department of Aviation. Defendant Cesar Pinto is a Supervisor of the City of Chicago Department of Aviation. Defendant Angela Manning is Managing Deputy Commissioner of the City of Chicago Department of Aviation. Defendant Officer William McKenna is a duly appointed and sworn Chicago Police Officer for the Chicago Police Department.

## BACKGROUND

7. At all relevant times, Plaintiff worked in the Department of Aviation at O'Hare International Airport. Plaintiff was employed by Defendant for 21 years as an administrative assistant before receiving a promotion to Timekeeper IV in January 2015.

8. Up until December 2014, Plaintiff had never received a disciplinary write-up.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6320598

9. On or around December 5, 2014, Plaintiff received her first write-up when Plaintiff's immediate supervisor, Cesar Pinto ("Pinto"), wrongfully accused Plaintiff of failing to submit timesheets (also known as "edit sheets") for Assistant Commissioner Paulette White ("White"). Unlike Plaintiff, White received no discipline when Pinto was notified that the missing timesheets were actually White's own responsibility.

10. In December 2014, Defendant began issuing a series of fabricated write-ups that falsely attributed responsibility to Plaintiff for the missing edit sheets of other employees. In one month, Plaintiff received a total of seven write-ups.

11. In or around January 2015, Plaintiff contacted the Office of the Inspector General ("OIG") to report the progressive, false write-ups against her.

12. On or around January 12, 2015, Supervisor William Cruise ("Cruise") asked Plaintiff about edits submitted for his employee's timesheets without his approval. The unauthorized changes decreased the number of vacation/sick days that LaToya Marks ("Marks") had taken that year. The changes, if approved, would restore Marks' vacation/sick days, and qualify her for FMLA leave.

13. Cruise instructed Plaintiff to reject the changes, because they were never submitted for his approval.

14. Later, Director of Administration Robert May ("May"), who on information and belief had a close personal relationship with Marks at the time, instructed Plaintiff to approve the unauthorized changes for Marks.

15. Plaintiff refused to make the changes because she believed they would illegally qualify Marks for FMLA, restore her already-used vacation/sick days and thereby provide Marks with compensation and benefits that she was not already entitled to receive at the expense of the City's taxpayers.

16. When May then demanded that Plaintiff give him the original edit sheets for Marks, Plaintiff refused because she was fearful that May would try to make unauthorized changes to the

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6320598

3

original edit sheets and thereby provide Marks with illegal compensation and benefits.

17. On or around January 15, 2015, a co-worker confirmed that May was still trying to make the unauthorized changes to Marks' timesheet.

18. Plaintiff notified the Foreman of Custodians Robert Kelley ("Kelley") that May was going over Cruise's head, bypassing his directive, and attempting to illegally qualify Marks for FMLA leave by wrongly restoring her vacation/sick days.

19. After Marks was arrested by the Chicago Police Department ("CPD") and charged with a felony for false impersonation of a peace officer, May asked Pinto to make the changes to Marks' timesheet. Marks was never discharged nor disciplined for her arrest.

20. Per May's request, Pinto changed Marks' edit sheets on or around January 30, 2015 contrary to the directive of Cruise, Marks' immediate supervisor.

21. A pre-disciplinary hearing was held on March 25, 2015 to address the Plaintiff's refusal to make the unauthorized and illegal edits to Marks' timesheets. During the hearing, Plaintiff handed over Marks' original edit sheets after Pinto criticized Plaintiff for refusing to produce them at his and May's request. Pinto made copies of the timesheets, and returned the originals to Plaintiff who stored them in her locked desk drawer.

22. As a result of the hearing, Plaintiff was given a 5 day suspension, to be served from April 13-April 17, 2015 for purposely withholding documents from a department official.

23. On or around April 6, 2015, Plaintiff received a Disciplinary Action Report from Pinto for "entries made into Custodian [Marks's] CATA record which appear to have no supporting documentation" as well as for removing documents from city property, lying to May about possession of the documents, and purposely withholding documents from a Department Official.

24. On or around April 8, 2015, Plaintiff asked Managing Deputy Commissioner, Angela Manning ("Manning") why she was being disciplined for issues resolved during the pre-disciplinary hearing. In response, Manning asked Plaintiff for the original edit sheets that Plaintiff

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6320598

4

already produced at the pre-disciplinary hearing.

25. When Plaintiff went to retrieve the edit sheets from her locked desk, she realized she left her desk keys at home, and was unable to open the locked drawers containing the sheets.

26. When Plaintiff returned to work after serving her suspension on or around April 22, Manning and May again asked Plaintiff to hand over the original edit sheets.

27. Fearful that May would make unauthorized changes to the original edit sheets, and because the originals had already been produced during the pre-disciplinary hearing, Plaintiff resisted giving the edit sheets to Manning and May.

28. On April 23, 2015, Plaintiff arrived to work and found that someone broke into her desk and took union files, write-ups, and Marks' original edit sheets. Plaintiff reported the theft to the Chicago Police Departments' on site police station and stated that the edit sheets were stolen from her locked desk sometime after she left work on April 22nd.

29. The police report, written by Officer William McKenna ("Officer McKenna") and approved and witnessed by Sgt. W. O'Reilly ("Sgt. O'Reilly"), contained an incorrect incident date of April 24, 2015, and a false narrative of quotes attributed to Plaintiff, but never actually stated by Plaintiff.

30. May, the only other employee interviewed by CPD, made false statements to CPD that were attributed to Plaintiff and contributed to the fabricated police report.

31. Following Plaintiff's police report, Defendant implemented discriminatory changes intended to isolate and silence Plaintiff, including moving Plaintiff to empty work stations without explanation, and distributing a company-wide e-mail suggesting that there would be a "New Clerk IV-Timekeeper" with a target start date of July 1, 2015.

32. On August 3, 2015, Plaintiff was placed on paid administrative leave for five (5) days pending discharge for disciplinary reasons, including "erratic and agressive [sic] behavior."

33. On August 11, 2015, Commissioner Ginger Evans terminated Plaintiff for providing false or inaccurate information to CPD—information that Plaintiff never provided.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6320598

5

34. At Plaintiff's arbitration hearing on December 10, 2015, Officer McKenna supported the false police report by falsely testifying that he personally interviewed Plaintiff and attributed quotes to Plaintiff that Plaintiff never said to Officer McKenna.

### COUNT I- VIOLATION OF 42 U.S.C. § 1983
### FREEDOM OF SPEECH
**(Against Defendants Robert May, Angela Manning, and Cesar Pinto individually)**

35. At all times, Plaintiff's speech about Defendants' misconduct was speech of a private citizen on a manner of public concern.

36. At all times, Defendants were acting under the color of law.

37. Plaintiff's disclosure of Defendants' misconduct to CPD concerning the stolen property from her locked desk in an effort to cover up time theft is speech protected by the First Amendment to the U.S. Constitution.

38. Plaintiff's free speech right to discuss and report theft outweighed any interest of the Defendant in suppressing that speech.

39. Plaintiff was deprived of the freedom of speech when Defendant discharged her in retaliation for filing a police report with CPD disclosing Defendants' misconduct.

40. Defendants acted intentionally and with callous disregard for Plaintiff's clearly established constitutional rights.

41. As a direct and proximate result of the Defendants' violation of Plaintiff's constitutional rights, Plaintiff has suffered severe and substantial damages. These damages include lost salary, lost employee benefits, lost raises, diminished earnings capacity, lost career and business opportunities, litigation expenses including reasonable attorney's fees, loss of reputation, humiliation, embarrassment, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

**WHEREFORE**, Plaintiff MARVA MACK requests that this court enter a judgment in favor of Plaintiff and against Defendant, and that Plaintiff be awarded the following relief:

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6320598

      a. Backpay;

      b. Reinstatement or front pay;

      c. Compensatory damages;

      d. Punitive damages;

      e. Attorneys' fees and costs of this suit pursuant to 42 U.S.C. § 1988; and

      f. Such other relief as this court deems appropriate.

### COUNT II- VIOLATION OF 42 U.S.C. § 1983
### PROCEDURAL DUE PROCESS
### (Against Defendant Officer McKenna, individually)

1-34. Plaintiff restates and realleges paragraphs 1-34 of Count I above, as Paragraphs 1-34 of this Count II as though fully set forth herein.

35. At all times, Defendant was acting under the color of law.

36. Plaintiff's Fourteenth Amendment right to a fair and impartial investigation of her false police report outweighed any interest of Defendant in depriving Plaintiff of her right.

37. Plaintiff was deprived of procedural due process when Defendant deprived Plaintiff of a fair and objective hearing by creating a false police report and falsely testifying at Plaintiff's arbitration hearing.

38. Defendant acted intentionally and with callous disregard for Plaintiff's clearly established constitutional rights.

39. As a direct and proximate result of Defendant's violation of Plaintiff's constitutional rights, Plaintiff has suffered severe and substantial damages. These damages include lost salary, lost employee benefits, lost raises, diminished earnings capacity, lost career and business opportunities, litigation expenses including reasonable attorney's fees, loss of reputation, humiliation, embarrassment, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6320598

**WHEREFORE**, Plaintiff MARVA MACK requests that this court enter a judgment in favor of Plaintiff and against Defendant, and that Plaintiff be awarded the following relief:

  a. Backpay;

  b. Reinstatement or front pay;

  c. Compensatory damages;

  d. Punitive damages;

  e. Attorneys' fees and costs of this suit pursuant to 42 U.S.C. § 1988; and

  f. Such other relief as this court deems appropriate.

### COUNT III-AGE DISCRIMINATION
### (Against Defendant City of Chicago)

1-34. Plaintiff restates and realleges paragraphs 1-34 of Count I above, as Paragraphs 1-34 of this Count II as though fully set forth herein.

35. Plaintiff was born in 1951.

36. Plaintiff has been treated less favorably than similarly-situated younger employees in the workplace.

37. The actions of Defendant toward Plaintiff created a hostile work environment.

38. The above actions were taken against Plaintiff with a motive to discriminate against and treat Plaintiff differently because of her age.

39. The Defendant's conduct has caused Plaintiff to lose salary and other employment benefits and has caused Plaintiff severe emotional distress.

40. As a result of Defendant's wrongful conduct, Plaintiff is entitled to reinstatement or frontpay, backpay with interest, and liquidated damages.

41. Plaintiff is also entitled to litigation costs, expert witness fees, and reasonable attorney's fees.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6320598

**WHEREFORE**, Plaintiff MARVA MACK requests that this court enter a judgment in favor of Plaintiff and against Defendant, and that Plaintiff be awarded the following relief:

a. Backpay;

b. Reinstatement with the same seniority status that Plaintiff would have had, but for the violation or front pay;

c. Liquidated damages;

d. Attorneys' fees and costs of this suit; and

e. Such other relief as this court deems appropriate.

### COUNT IV-VIOLATION OF THE WHISTLEBLOWER ACT
### (Against Defendants City of Chicago, Robert May individually, and Cesar Pinto individually)

1-34. Plaintiff restates and realleges paragraphs 1-34 of Count I above, as Paragraphs 1-34 of this Count II as though fully set forth herein.

35. Plaintiff refused to change Marks' edit sheets without supervisory approval because she reasonably believed that doing so would restore Marks' vacation/sick days, illegally qualify her for FMLA leave, and violate a state or federal law, rule, or regulation. *See* 740 ILCS 174/20.

36. Defendants discharged Plaintiff for refusing to make unauthorized changes to the edit sheets, and for refusing to relinquish the edit sheets to those coordinating the unauthorized action.

37. Defendant's discharge of Plaintiff in retaliation for refusing to take part in what she believed to be illegal activity constitutes a violation of Section 20 of the Whistleblower Act. 740 ILCS 174/20.

38. Plaintiff disclosed information regarding Defendants' misconduct to the OIG and CPD because she had reasonable cause to believe that issuing erroneous write-ups and stealing property from her locked desk were violations of a state or federal law, rule, or regulation. *See* 740 ILCS 174/15.

39. Defendant discharged Plaintiff for reporting separate incidents of Defendants' misconduct

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6320598

to the OIG and CPD.

40. Defendant's discharge of Plaintiff in retaliation for disclosing Defendants' misconduct to the OIG and CPD constitutes a violation of Section 15 of the Whistleblower Act. 740 ILCS 174/15.

41. As a result of Defendant's wrongful conduct, Plaintiff is entitled to reinstatement, backpay with interest, and compensatory damages.

42. Plaintiff is also entitled to litigation costs, expert witness fees, and reasonable attorney's fees.

**WHEREFORE**, Plaintiff MARVA MACK requests that this court enter a judgment in favor of Plaintiff and against Defendant, and that Plaintiff be awarded the following relief:

a. Backpay;

b. Reinstatement with the same seniority status that Plaintiff would have had, but for the violation or front pay;

c. Compensatory damages;

d. Attorneys' fees and costs of this suit pursuant to 740 ILCS 174/30; and

e. Such other relief as this court deems appropriate.

### COUNT V- VIOLATION OF PUBLIC POLICY
**(Against Defendants City of Chicago, Robert May individually and Cesar Pinto individually)**

1-34. Plaintiff restates and realleges paragraphs 1-34 of Count I above, as Paragraphs 1-34 of this Count III as though fully set forth herein.

35. Plaintiff had a good faith belief that the activity she witnessed may have violated a law or regulation of the State of Illinois or the United States, and conveyed that belief to her superiors when she refused to participate in the activity.

36. Defendant's discharge of Plaintiff in retaliation for refusing to take part in illegal activities and for reporting illegal activities is contrary to Illinois public policy.

37. Public policy of the State of Illinois favors the investigation and prosecution of criminal

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6320598

10

activity, and the cooperation of citizens possessing knowledge thereof is essential to the effective implementation of this policy. Illinois public policy also reflects the public's interest in preventing public funds from being used to compensate public employees who are not entitled to just compensation.

38. This public policy favoring the effective protection of the lives and property of its citizenry is articulated in the Constitution and the statutes of the State of Illinois. *See e.g.,* Ill. Const. Preamble; 5 ILCS 430/1 *et seq*.

39. Defendant's conduct was at all times willful and wanton, entitling Plaintiff to punitive damages.

40. As a result of Defendant's wrongful conduct, Plaintiff is entitled to backpay, frontpay, and compensatory damages.

41. Plaintiff is also entitled to litigation costs, expert witness fees, and reasonable attorney's fees.

**WHEREFORE**, Plaintiff MARVA MACK requests that this court enter a judgment in favor of Plaintiff and against Defendant, and that Plaintiff be awarded the following relief:

    a. Backpay;

    b. Reinstatement or front pay;

    c. Compensatory damages;

    d. Punitive damages; and

    e. Such other relief as this court deems appropriate.

Dated: August 2, 2016

    /s/ Kerri L. Feczko
Kerri L. Feczko of the Law Offices of GOLDMAN & EHRLICH, CHTD., as Attorney for MARVA MACK

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC No. 6320598